**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

David Howard,

    Petitioner,

    v.                                     Case No. 1:06cv377

James Erwin,                         Judge Michael R. Barrett

    Defendant.

**ORDER**

Before the Court is the February 21, 2007 Magistrate Judge's Report and Recommendation ("R&R") (Doc. 10) regarding Respondent's Motion to Dismiss (Doc. 4).

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Petitioner filed timely objections to the R&R. (Doc. 11)

**I.     FACTUAL BACKGROUND**

Petitioner, an inmate currently in state custody at the Pickaway Correctional Institution in Orient, Ohio, brings this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his June 30, 2004 conviction and sentence in the Hamilton County, Ohio, Court of Common Pleas upon his entry of guilty pleas to four counts of an eleven-count indictment: three counts of trafficking in cocaine in violation of Ohio Rev. Code § 2925.03(A); and one count of possession of cocaine in violation of Ohio Rev. Code § 2925.11(A) with attached "Major Drug Offender" specification. Petitioner was

sentenced to concurrent terms of imprisonment totaling ten years.

Petitioner did not pursue an appeal as of right from his conviction and sentence. One and one-half years later, on November 17, 2005, Petitioner filed a *pro se* notice of appeal and motion for leave to appeal to the Ohio Court of Appeals, First Appellate District. Petitioner claims that he argued to the state appellate court that he was prevented from perfecting a timely appeal "due to the trial court's and counsel's failure to advise [him] of [his] appellate rights." On December 14, 2005, the Ohio Court of Appeals overruled petitioner's motion for leave to file a delayed appeal on the ground that petitioner had "failed to provide sufficient reasons for failure to perfect an appeal as of right." Petitioner sought leave to appeal further to the Supreme Court of Ohio, but the court declined jurisdiction to hear the case and dismissed the appeal "as not involving any substantial constitutional question." (Id., Ex. O)

In June 2006, Petitioner commenced the instant federal habeas corpus action. The petition was signed by petitioner on June 5, 2006 and was stamped as "filed" on June 19, 2006. (Doc. 1). Petitioner alleges two grounds for relief: (1) Due to the trial court's failure to notify him of his right to appeal with the assistance of court-appointed counsel and at State's expense, he is detained in violation of the Fifth and Fourteenth Amendment; and (2) Due to counsel's failure to inform him of his appellate rights he is being detained in violation of the Sixth Amendment.

In his Motion to Dismiss, Respondent argues that the petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214.

## II.     MAGISTRATE JUDGE'S R&R

The Magistrate Judge concluded that the petition should be dismissed as time-barred.  The Magistrate Judge determined that Petitioner's claims are governed y the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1)(A).  The Magistrate Judge noted that Petitioner had been advised of his right to an appeal withing a 30-day time frame before his conviction became "final" under 28 U.S.C. § 224(d)(1)(A) by the conclusion of direct review or the expiration of time for seeking such review, and therefore failed to act with the requisite "due diligence" necessary to trigger the applicability of the later limitations in § 2244(d)(1)(D).  Therefore, the Magistrate Judge explained, Petitioner's conviction became "final" on July 30, 2004; and Petitioner's statute of limitations expired on July 31, 2005.  The Magistrate Judge stated that the one-year limitation period was not tolled for any pending "properly filed" applications for state post-conviction relief or other collateral review because the statute of limitations had run its course before Petitioner took any action to challenge his conviction.  The Magistrate Judge explained that Petitioner filed his motion for leave to file a delayed appeal on November 17, 2005, which was over three months after the statute of limitations had ceased running.

The Magistrate Judge determined that Petitioner was not entitled to equitable tolling.  The Magistrate Judge determined that Petitioner has not demonstrated that some extraordinary circumstance prevented him from filing a timely federal habeas petition.  The Magistrate Judge also determined that Petitioner has not demonstrated that he is entitled to equitable tolling under *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir), *cert. denied*, 534 U.S. 1057 (2001).  The Magistrate Judge explained that Petitioner does not argue, nor is there evidence in the record to suggest that he was ignorant, or lacked notice

or constructive knowledge, of the one-year filing requirement for federal habeas petitions. The Magistrate Judge also noted that there is evidence in the record that Petitioner has not been diligent in pursuing his rights. The Magistrate Judge explained that the plea agreement read and signed by Petitioner notified him of his right to an appeal, but Petitioner took no action to challenge his conviction or sentence until he filed his motion for leave to file a delayed appeal nearly one and one-half years after the final Judgment Entry issued.

Because Petitioner was not entitled to any tolling of the statute of limitations, the petition was filed over ten months past the expiration of the statue of limitations.

Petitioner objects to the Magistrate Judge's R&R in three respects: (1) Petitioner argues that his petition is not time-barred; (2) Petitioner objects to the Magistrate Judge's recommendation that a certificate of appealability should not issue; and (3) Petitioner objects to the Magistrate Judge's recommendation that he not be permitted to proceed on appeal in *forma pauperis*.

### III. ANALYSIS

Petitioner again argues that 28 U.S.C. § 2244(d)(1)(D) applies to his cause of action; and that the factual predicate of his claims were not discovered until November of 2005. Petitioner explains that although the guilty plea form which he signed did advise him of his 30-day appeal right, he was never informed that he had the right to counsel or he could receive the benefit of counsel at no cost.

Under 28 U.S.C. § 2244(d)(1)(D), the limitations period can run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." However, the Court concludes that the Magistrate

Judge properly found that this subsection is not applicable to Petitioner's claims because there is evidence that Petitioner did not exercise due diligence.  As the Magistrate Judge noted, there is evidence in the record, and Petitioner admits, that he was advised of his right to appeal during the underlying proceedings.  Instead, Petitioner argues that he was not advised of his right to counsel.  However, as the Magistrate Judge explained, only portions of Petitioner's plea and sentencing transcripts were made a part of the record.  Respondent has notified the Court that Petitioner must obtain a copy from the court reporter (See Doc. 8), but it appears that Petitioner must have done so in connection with his state court proceedings.  As the Magistrate Judge noted, Petitioner attached seven pages from the plea and sentencing transcripts to his application for reconsideration of the Ohio Court of Appeals' decision denying his motion for delayed appeal. (See Doc. 4, Ex. I)  It is Petitioner that bears the burden of demonstrating "due diligence."  *See DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006).  The Court agrees with the Magistrate Judge's finding that Petitioner has not met that burden here.

Petitioner also argues that he is entitled to equitable tolling, but fails to provide any basis for tolling.

The Sixth Circuit has held that "[b]ecause AEDPA's one-year statute of limitations is not jurisdictional, a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate." *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).  There are two bases for equitable tolling of the limitations period.  *Harvey v. Jones*, 2006 WL 1208066, *2 (6th Cir. 2006) (unpublished). In *Souter v. Jones*, 395 F.3d 577, 602 (6th Cir.2005), the Sixth Circuit held that "equitable tolling of the statute of limitations based on a credible showing of actual innocence is appropriate."  If a

petitioner fails to establish actual innocence under the standard enunciated in *Souter*, the limitations period may still be equitably tolled based on the five factors outlined by the Sixth Circuit in *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001), *cert. denied*, 534 U.S. 1057 (2001). These factors are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008, *citing Andrews v. Orr*, 851 F.2d 146, 152 (6th Cir.1988). The Sixth Circuit has held that even if a petitioner lacks actual knowledge of the relevant provisions of AEDPA, "ignorance of the law alone is not sufficient to warrant equitable tolling." *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004), *citing Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991).

Because Petitioner does not argue either basis for equitable tolling, and there is no evidence in the record that Petitioner is entitled to equitable tolling, the Court concludes that the Magistrate Judge did not err in finding that equitable tolling is not appropriate in this case.

With regards to the Magistrate Judge's recommendations that a certificate of appealability should not issue and Petitioner should not be permitted to proceed on appeal in *forma pauperis*, the Court finds no error in the Magistrate Judge's recommendation.

Where a district court dismisses a claim on procedural grounds, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct

in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id.* The Court finds that the Magistrate Judge properly determined that "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling. Accordingly, this Court need not address the second prong of *Slack* as to whether of not "jurists of reason" would find it debatable whether Petitioner has stated a viable constitutional claims.

An appeal may be taken in *forma pauperis* if it is taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a). The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id*. The Court finds that Petitioner's claims do not meet the good faith standard because Petitioner is barred on procedural grounds from bringing his claims.

## IV.     CONCLUSION

Upon *de novo* review of this matter, pursuant to 28 U.S.C. § 636, the Court finds no error in the Magistrate Judge's R&R. Accordingly, the February 21, 2007 Magistrate Judge's R&R (Doc. 10) is hereby **ADOPTED**. It is hereby **ORDERED** that:

1.     Respondent's Motion to Dismiss (Doc. 4) is **GRANTED**;

2.     Petitioner's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice as time-barred;

3.     A certificate of appealability should not issue with respect to this Order

      dismissing the petition with prejudice on procedural statute of limitations grounds, because under the first prong of the applicable two-part standard established in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.

4.     Petitioner remains free to request issuance of the certificate from the Court of Appeals.  *See* 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b).

5.     With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith," and therefore the Court **DENIES** any application by petitioner to proceed on appeal in *forma pauperis*.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).  Petitioner remains free to apply to proceed *in forma pauperis* in the Court of Appeals.

**IT IS SO ORDERED.**

                                */s/ Michael R. Barrett*
                                Michael R. Barrett, Judge
                                United States District Court